## J. W. S. FRIERSON *v.* W. B. GALBRAITH.

1. EVIDENCE. *Presumption.* In the absence of proof to the contrary, it is to be presumed that the official act of an officer in another State has been performed, as required by the law of that State.

2. SAME. *Witness swearing falsely.* If a witness has wilfully sworn falsely to a material fact, the jury *may*, not *must*, disregard his evidence altogether.

3. BILLS AND NOTES. *Acceptance. Interest.* An acceptance drawn in Tennessee upon parties in another State, is payable at the place of residence of the acceptors, and the interest on it must be calculated according to the law of the domicil of the acceptors.

FROM KNOX.

Appeal in error from the Circuit Court of Knox county.    S. A. RODGERS, J.

H. H. TAYLOR for Frierson.

JAMES COMFORT for Galbraith.

TURNEY, J., delivered the opinion of the court.

Two questions are presented in the first case. The suit was brought upon a note of $2,400 made by Allison Bros., and of which Galbraith is holder. After protest the amount was paid by Galbraith, who brings this suit to reimburse himself. It is first insisted the protest is insufficient because demand was made and notice given by a deputy notary public in Louisiana.

The note and protest were read without objection. But while the court was delivering his charge to the

jury he was requested to say to it "that it was incumbent on the plaintiff to show by proof that the protest read in evidence was a legal and valid protest and notice under the laws of Louisiana, and that if they should find he had failed to do so then they should find that plaintiff did not hold said paper under protest, but as a purchaser after maturity and subject to all the equities between the defendant and Allison Bros., drawers, at the date of plaintiff's purchase."

The court declined to so instruct, and we think properly. First, because the objection came too late. It should have been made when the evidence was offered, or at least before the testimony had been closed. Seccond, the protest appears on its face to have been made by the regular notary, who certifies to its truth of his own knowledge. Third, we are to presume in the absence of proof to the contrary, that the official act of an officer in another State has been performed as required by the law of that State.

The court was requested to say to the jury, "that if a witness, in their opinion, has wilfully sworn falsely, to any material fact in the case, then they would disregard the evidence of such witness." Which was refused. The language of the proposition is too strong and leaves nothing for the jury to do after it has concluded that in a number of material facts sworn to one is wilfully false. The rule is that if a witness has wilfully sworn falsely to a material fact, the jury *may* disregard his evidence altogether. To be authorized to do so, it must conclude from all the circumstances that the evidence is unworthy of belief."

The jury is called ·upon to consider not only the testimony of the impugned witness, but all the other evidence and circumstances in the case in any way tending to strengthen or weaken that testimony, and when it has done this it may reject or record such other parts of his testimony as it may conclude is right and ·proper under all the surrounding circumstances, the jury being the exclusive judges of the credibility of witnesses and the weight and v lue of facts deposed to by them.

The second suit is from a justice of the peace upon this paper:

"ACCEPTANCE."

MEMPHIS, TENN., January 2, 1877.

$683.50.

Six months after date pay to the order of ourselves six hundred and eighty-three dollars and fifty cents, value received, and charge to account of                    Yours, &c.,        ALLISON BROS.
To Frierson & Co., New Orleans.

Endorsed, Frierson & Co., July 5, $683.50. Credit December 7, 1877. Received of J. W. S. Frierson New York exchange $300. Allison Bros. W. B Galbraith, Planters Insurance Company.

It is insisted that the amount, principal and interest, exceeds a magistrate's jurisdiction at the commencement of the suit at Tennessee rate of interest, but admitted that it does not at the Louisiana rate, which is five per cent.

This presents the question, is the acceptance payable in New Orleans or Memphis? It is drawn on a New Orleans house and addressed to it at New Orleans. There is no request or direction to pay elsewhere. The presumption follows that the drawees and acceptors, by their acceptance, undertook to pay at their place of business and not elsewhere.

The fact that J. W. S. Frierson, who is the firm of Frierson & Co., was temporarily in Tennessee when he accepted does not change the presumption, but rather strengthens it. His business, residence and means were in New Orleans, and in the absence of an undertaking to the contrary, he must be understood as assuming a liability to be discharged in a business way at his business house. The demand could have been at no other place to fix a liability upon him under the wording of the paper.

The plaintiff in error fails to sustain his plea of equitable set-off in each case. Therefore, in the last, it is immaterial whether protest and notice were regular or served upon the endorser, Galbraith.

Judgment affirmed in both cases.