## PAUL LEON WARREN *v.* THE STATE.*

### (*Nashville.* December Term, 1927.)

Opinion filed March 31, 1928.

#### 1. BIGAMY. EVIDENCE.

In prosecutions for bigamy our statute relating to evidence in such cases is controlling, and where it appears that in order to establish the first marriage the State introduced a copy of a marriage license of another state, including the return of the minister showing the consummation of the marriage, duly certified, as required by the Act of Congress, such certified copy is sufficient evidence to show a **prima-facie** case. (Post, p. 615.)

Citing: Code of 1858, sec. 4841; Shannon's Code, sec. 6762.

#### 2. BIGAMY. EVIDENCE.

In a prosecution for bigamy the certified copy of the marriage license imports verity, and nothing more is required in the absence of any attack upon the verity of the record offered in evidence. (Post, p. 616.)

Citing: Crane v. State, 94 Tenn. (10 Pick.), 86; Frierson v. Galbraith, 80 Tenn. (12 Lea.), 129.

#### 3. HUSBAND AND WIFE. MARRIAGE. COUNTY JUDGE.

A county judge is authorized to solemnize the rites of matrimony under our statute which provides: "The several judges and Chancellors of this State are authorized to solemnize the rites of matrimony." (Post, p. 617.)

Citing: Code of 1858, sec. 3949; Shannon's Code, sec. 5753.

---

*Headnotes 1. Bigamy, 7 C. J., section 53; 2. Marriage, 38 C. J., section 106; 3. ———; 4. Bigamy, 7 C. J., section 13.

---

#### FROM LEWIS.

---

*On proof of ceremonial marriage by testimony of person who performed ceremony, see 3 R. C. L., 808; 6 R. C. L. Supp., 199.

Appeal from the Circuit Court of Lewis County.—HON. J. C. HOBBS, Judge.

Ross & BALLEW, for plaintiff in error.

J. W. COOPER, Assistant Attorney-General, for defendant in error.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

This is an appeal by the plaintiff in error, Paul Leon Warren, from a judgment rendered by the Circuit Court of Lewis County at its July Term, 1927, upon a conviction for bigamy. The jury fixed the maximum punishment of the plaintiff in error at confinement in the penitentiary for ten years, and the judgment rendered directed that he be confined for not less than two years nor more than ten years, as required by law.

No evidence was offered by the plaintiff in error on the trial of the case, and on appeal reversal is sought because of the alleged inadequacy of the evidence offered by the State, in two particulars.

It is contended for the plaintiff in error that the State did not offer sufficient evidence to establish either the first or the second marriage, as charged in the indictment.

(1)  To establish the first marriage, which was consummated in Corinth, Mississippi, the State introduced a copy of a marriage license, including the return of a minister, showing the consummation of the marriage, duly certified and attested as coming from the legal custodian of such records, all as required by the Act of Congress.

The State also offered evidence of subsequent cohabitation between the plaintiff in error and the woman named in said license, and admissions of the plaintiff in error that she was his wife.

The statute relating to evidence in a prosecution for bigamy, section 4841, of the Code of 1858 (section 6762 of Shannon's Code), is as follows:

"In all trials under the preceding sections, a certified copy of the marriage license and return of the person authorized to solemnize the rites of matrimony, shall be sufficient proof of either the first or second marriage, and, in the absence of such certified copy, the testimony of any bystander who witnessed the marriage ceremony, and the public acknowledgment of the party charged, shall be competent evidence as to both of said marriages."

It is contended by the plaintiff in error that the State has not complied with this statute by offering a "certified copy of the marriage license and return of the person authorized to solemnize the rites of matrimony," because no proof was offered to show that a minister was authorized by the laws of Mississippi to officiate at a marriage ceremony.

The certified copy of the license contains the greeting: "To any judge, minister, justice or any other person lawfully authorized to celebrate the rites of matrimony."

Giving effect to the manifest object and purpose of the statute, we think this recitation of the license itself is sufficient evidence to show *prima facie* that a minister was authorized to solemnize the rites of matrimony authorized by the license.

(2) Plaintiff in error further contends that the State must have shown that the officer whose name was signed

to the license, the circuit court clerk, was authorized under the laws of Mississippi to issue a marriage license.

To sustain this contention would be to destroy the letter and effect of the statute above quoted. It does not appear that construction or discussion could add anything to the direction of the statute that proof of the marriage license and return by copy duly certified shall be "sufficient proof." The effect of the statute is that the certified copy imports verity, which includes the authority, of the issuing officer. Nothing more is required, in the absence of any attack upon the verity of the record offered in evidence. *Crane* v. *State,* 94 Tenn., 86; *Frierson* v. *Galbraith,* 80 Tenn., 129.

*(3)* The bigamous marriage was entered into by the plaintiff in error in Lewis County, Tennessee, and was solemnized by the county judge. It is contended for the plaintiff in error that a county judge is not authorized to officiate at a marriage ceremony in Tennessee.

The Code of 1858, section 3949 (Shannon's Code, section 5753), provides:

"The several judges and Chancellors of this State are authorized to solemnize the rites of matrimony."

It would seem that reference to this section of the Code would be a sufficient answer to the contention of the plaintiff in error, but it is contended that the "Title" and chapter of the Code, of which the quoted section is a part, deal only with circuit judges and Chancellors, and that the quoted section, construed with its context, can only refer to circuit judges and Chancellors, to the exclusion of county judges.

We can find no merit in this contention. The "Title" under which the quoted section is found purports to deal "with the officers of court." The chapter heading

is: "Of the judges and Chancellors." There is nothing in this chapter heading to exclude county judges, and in, at least, three sections of this chapter specific references are made to county judges. The reference in section 3949 is to "the several judges and Chancellors." The language used is all inclusive, and since it appears that county judges are expressly referred to in preceding sections of the same chapter of the Code, we could find no justification for excluding county judges from the authority contained in section 3949.

We conclude, therefore, that both the first and second marriage were sufficiently established by the proof of the State.

An additional assignment of error is made to the action of the trial judge in refusing to include in his charge a special request tendered by the plaintiff in error, which we find to be without merit, in view of the conclusions above stated.

The judgment of the trial court will accordingly be affirmed.