Patricia HARRISON and Carl Harrison, Plaintiffs,

v.

WAL–MART STORES, INC., Defendant.

No. 02–2955.

United States District Court, W.D. Tennessee, Western Division.

Oct. 16, 2003.

Larry E. Parrish, Esq., Law Offices of Larry E. Parrish, Memphis, TN, for plaintiffs.

W. Michael Richards, Esq., R. Alan Pritchard, Jr., Esq., Antonio L. Matthews, Baker Donelson Bearman & Caldwell, William O. Luckett, Jr., Esq., David A. Billions, Rossie Luckett Parker & Ridder, Memphis, TN, for defendant.

## ORDER DENYING PLAINTIFFS' MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT, MOTION FOR A NEW TRIAL ON DAMAGES, AND MOTION FOR A NEW TRIAL ON ALL ISSUES EXCEPT CONVERSION

DONALD, District Judge.

Before the Court are the motions of Patricia Harrison and Carl Harrison ("Plaintiffs") for judgment notwithstanding the verdict ("JNOV") and a new trial on damages or, in the alternative, a new trial on all issues except conversion, pursuant to Federal Rules of Civil Procedure 50 and 59. Plaintiffs assert that they are entitled

to judgment notwithstanding the verdict because (1) some testimony of the witnesses of Wal–Mart Stores, Inc. ("Defendant" or "Wal–Mart") was inconsistent and so should have been disregarded entirely, resulting in judgment for Plaintiffs from the remaining testimony; (2) Defendant's failure to conduct a pre-prosecution investigation before beginning its prosecution of Mrs. Harrison results as a matter of law in a finding of no probable cause for the prosecution, thereby supporting Plaintiffs' claim of malicious prosecution; (3) if Defendant had conducted a pre-prosecution investigation, it would have found no probable cause to prosecute Mrs. Harrison; and (4) Defendant destroyed or disturbed relevant evidence, so the Court should have instructed the jury that that evidence would have been favorable to Plaintiffs. Plaintiffs argue that, if the Court grants its motion for judgment notwithstanding the verdict, it should also grant a new trial on damages. In the alternative, Plaintiffs request a new trial on all issues that the jury decided adversely to them. For the following reasons, the Court **DENIES** all three of Plaintiffs' motions.

## I. Procedural Background

Plaintiffs are husband and wife, who reside in Shelby County, Tennessee. Defendant is a corporation, duly chartered and existing under the laws of Delaware, with its principal place of business in Arkansas. Defendant is registered to do business in Tennessee.

Plaintiffs' claims arose from an incident that occurred on March 31, 2000, in which Defendant's employees accused Mrs. Harrison of "price changing," or changing the price codes on retail items to get a lower price. (Compl. at 12.) Mrs. Harrison denied the charges, but the employees called the police, who arrested Mrs. Harrison. (*Id.* at 13–14.) On June 6, 2000, the Millington City Court dismissed the charges against Mrs. Harrison.

On December 12, 2002, Plaintiffs filed with this Court a Complaint for Damages for Intentional Torts. Plaintiffs asserted claims of (1) malicious prosecution, (2) spoliation of evidence, (3) conversion, and (4) loss of spousal consortium.[1] The Court began a jury trial on August 25, 2003. On August 29, 2003, the Court entered the jury's verdict in favor of Defendant on Plaintiffs' claims of malicious prosecution, deprivation of constitutional rights under state law in violation of 42 U.S.C. § 1983, and loss of consortium for each Plaintiff. Furthermore, the Court entered the jury's verdict in favor of Plaintiffs on their claim of conversion and awarded Plaintiffs damages in the amount of $10.74. Plaintiffs filed the instant motions on September 15, 2003.[2]

## II. Legal Standard

Federal Rule of Civil Procedure 50(b) permits a party to file a post-verdict motion for judgment as a matter of law.[3] In

---

**1.** Plaintiffs also initially filed a claim of loss of parental consortium on behalf of their two minor children. The Court dismissed that claim on May 27, 2003. (*See* Order Granting Def. Wal–Mart Stores, Inc.'s Rule 12(b)(6) Mot. to Dismiss Pls.' Loss of Consortium Claims.)

**2.** Defendant argues that the Court may not entertain Plaintiffs' motion for JNOV because Plaintiffs did not move for judgment as a matter of law at the close of evidence in the

trial, as required by Federal Rule of Civil Procedure 50(b). In examining the record, however, the Court finds that an oral motion for judgment as a matter of law was made at the close of the case. Therefore, the Court will entertain both of Plaintiffs' alternative motions.

**3.** "Judgment notwithstanding the verdict" and a post-verdict "judgment as a matter of law" both refer to the same act.

ruling on the motion, a court may let the verdict stand, order a new trial pursuant to Rule 59(a), or direct entry of judgment as a matter of law. Fed.R.Civ.P. 50(b)(1)(A-C).

The standard of review a district court must follow when evaluating a motion for judgment as a matter of law is well-settled. "The standard for granting JNOV requires a finding that 'viewing the admissible evidence most favorable [sic] to the party opposing the motions, a reasonable trier of fact could draw only one conclusion.'" *Amer. & Foreign Ins. Co. v. Bolt,* 106 F.3d 155, 157 (6th Cir.1997); *Hicks v. Frey,* 992 F.2d 1450, 1457 (6th Cir.1993). JNOV is appropriate only where no reasonable juror could find for the nonmoving party. *See Manzer v. Diamond Shamrock Chem. Co.,* 29 F.3d 1078, 1081 (6th Cir.1994). Thus, only if the court finds that the evidence so strongly favors a judgment for the movant may the court grant judgment as a matter of law. As on a motion for summary judgment or a motion for directed verdict, " '[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.'" *Koehler v. Smith,* No. 96–1595, 1997 WL 595085, at *5 (6th Cir. Sept.25, 1997) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)); *see also Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150–51, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); *Nat'l Polymer Prods., Inc. v. Borg–Warner Corp.,* 660 F.2d 171, 178 (6th Cir.1981).

The standard for granting a new trial is not as straightforward. District courts are empowered to grant new trials "in an action where there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted." Fed. R.Civ.P. 59(a)(1). Grant of a new trial is generally within the sound discretion of the district court. *Hopkins v. Coen,* 431 F.2d 1055, 1059 (6th Cir.1970). The court may grant a new trial to avoid inconsistency with substantial justice but not for mere harmless error. Fed.R.Civ.P. 61. The burden of showing harmful prejudice is on the moving party. *Clarksville–Montgomery County Sch. Sys. v. U.S. Gypsum Co.,* 925 F.2d 993, 1002 (6th Cir.1991).

## III. Analysis

The Court will address Plaintiffs' arguments in turn to determine if no reasonable juror could have found as this jury did or, alternatively, to determine if letting the verdict stand would be inconsistent with substantial justice.

### A. Testimony of Defense Witnesses

█ Plaintiffs assert that certain defense witnesses presented testimony inconsistent with that of other defense witnesses on the issue of probable cause for Defendant's prosecution of Mrs. Harrison. Plaintiffs argue that, because each defense witness testified as a representative of the single corporate entity of Wal–Mart, Defendant's evidence should be evaluated as a coherent whole. Therefore, because Defendant produced internally inconsistent testimony through its multiple witnesses, the fact-finder should disregard the entirety of the testimony under the doctrine of *falso in uno, falso in omnibus.* Plaintiffs further argue that the remaining uncontroverted testimony of Mrs. Harrison compels judgment as a matter of law or grant of a new trial for Plaintiffs on the malicious prosecution claim.

Plaintiffs' argument amounts essentially to a witness credibility issue. Witness credibility is fundamentally a jury function. *See Reeves,* 530 U.S. at 150, 120 S.Ct. 2097. The jury may appropriately evaluate inconsistent testimony. Considering the record as a whole, the Court

finds no basis for interfering with the jury's determination of credibility in this instance. The Court therefore denies Plaintiffs' motion for JNOV or a new trial on this ground.

This is not a situation in which an evidentiary rule requires the Court to disregard the defense testimony. The legal maxim to which Plaintiffs refer—*falso in uno, falso in omnibus*—is not the steadfast rule that Plaintiffs claim it is. For over a century, it has been held merely discretionary, so that the fact-finder may choose whether or not to disregard all testimony of a witness because that witness may be contradicted or found to have testified falsely as to a material fact. *See Frierson v. Galbraith*, 80 Tenn. 129, 1883 WL 3798, at *1 (Tenn. Sept. 1883); *Galloway v. Commonwealth*, 5 Ky. L. Rptr. 213, 1883 WL 7623, at *5 (Ky. Feb. 22, 1883). The Court declines to use this maxim here.

### B. Probable Cause for Prosecution

Plaintiffs' next two arguments concern whether there was probable cause for Defendant's private prosecution of Mrs. Harrison. First, Plaintiffs assert that Defendant's failure to conduct a reasonable pre-prosecution investigation results as a matter of law in a finding of no probable cause for the prosecution. Second, Plaintiffs claim that a reasonable investigation would have produced exculpatory facts that would have led to a finding of no probable cause and thereby avoided the prosecution and its resulting injuries entirely.

■■■■ To prove malicious prosecution under Tennessee law, a plaintiff must prove that "(1) a prior suit or judicial proceeding was instituted without probable cause, (2) defendant brought such prior action with malice, and (3) the prior action was finally terminated in plaintiff's favor." *Roberts v. Fed. Express Corp.*, 842 S.W.2d 246, 248 (Tenn.1992). Probable cause is a question for the jury; it is not a question

of law. *Id.* at 249. If a plaintiff alleges that a reasonable investigation would have produced exculpatory evidence, and there is evidence to support such an allegation, "the jury is to determine the facts a reasonable investigation would have disclosed, and then base its probable cause determination considering those facts." *Id.* "Properly defined, probable cause requires only the existence of such facts and circumstances sufficient to excite in a reasonable mind the belief that the accused is guilty of the crime charged." *Id.* at 248.

■■■■ Plaintiffs' first argument is unsupported by the law, and Plaintiffs cite to no legal authority for their contention that failure to conduct a pre-prosecution investigation results in a finding of no probable cause as a matter of law. The Tennessee Supreme Court's definition of probable cause in a claim of malicious prosecution does not refer at all to a requirement of pre-prosecution investigation. *See id.* Furthermore, Plaintiffs' contention that evidence resulting from a pre-prosecution investigation would have shown a lack of probable cause was correctly left for the jury under *Roberts*. The Court does not find that no reasonable juror could have found probable cause on these facts. Therefore, the Court denies Plaintiffs' motion for judgment as a matter of law on Mrs. Harrison's malicious prosecution claim. Plaintiffs raised the pre-prosecution issue pre-trial, and the court ruled adversely to Plaintiffs on this issue. The record has been fully developed for appeal purposes. The Court in its discretion refuses to grant a new trial on this count.

### C. Spoliation of Evidence

Plaintiffs next contend that the Court erred by not instructing the jury that any evidence destroyed by Defendant would have been favorable to Plaintiffs. Plaintiffs assert that Defendant destroyed evi-

dence both by erasing in-store videotapes pursuant to its regular policy and by disturbing the retail items at issue by examining them and taking photographs of them.

On this motion for a new trial, the Court must take the facts in the light most favorable to the non-moving party. As to the videotapes, Defendant contends, and presented evidence at trial to this effect, that the security camera in the area of the store where the relevant retail items were stored was actually a "dummy" camera that did not record anything. According to Defendant, the operating security cameras in the store at that time would only have recorded Mrs. Harrison leaving the store with the retail merchandise at issue, going through the check-out line, and being stopped in the vestibule of the store. Therefore, viewing the evidence in the light most favorable to Defendant, the Court finds that no destroyed videotape would have contained any evidence the exclusion of which would have been more than harmless error. Thus, no jury instruction regarding the videotapes was necessary on this issue.

As to any damage to the integrity of evidence that may have occurred when Defendant's employees handled the retail items at issue, the Court finds that any such damage is entirely irrelevant. Plaintiffs seem to be focused on whether the handling of the objects destroyed any fingerprints that may or may not have been left on the objects, but fingerprint evidence will not help Plaintiffs. First, the original charges against Mrs. Harrison were dismissed several years ago, so fingerprint evidence would no longer aid her in escaping prosecution. Second, the jury found for Plaintiffs on their conversion claim. Therefore, failing to instruct the jury as Plaintiffs now request could have been at most harmless error, which is insufficient for a grant of a new trial under Rule 61.

The Court finds that Plaintiffs' arguments as to spoliation of evidence require neither judgment notwithstanding the verdict nor a grant of a new trial on this claim and therefore denies Plaintiffs' motions on both grounds.

## D. Damages

Plaintiffs also request a new trial on damages, in the event that this Court grants them judgment notwithstanding the verdict. Having refused to grant the motion for new trial, the Court also denies Plaintiffs' motion for a new trial on damages.

## IV. Conclusion

For the foregoing reasons, and after examining the record of this case and the evidence submitted by both parties at trial, the Court holds that a reasonable juror could have found for Defendant on the claims of malicious prosecution, deprivation of constitutional rights under state law in violation of 42 U.S.C. § 1983, and loss of spousal consortium. The Court therefore **DENIES** Plaintiffs' motion for judgment notwithstanding the verdict. Accordingly, the Court also **DENIES** Plaintiffs' motion for a new trial on damages. Furthermore, the Court finds that Plaintiffs have not met their burden of proving harmful prejudice to support a grant of a new trial on all issues decided adversely to them. The Court therefore **DENIES** Plaintiffs' motion for a new trial on all issues except conversion.